572 P.2d 933

Rex KENNEDY, Plaintiff-Appellant,

v.

Hugh M. MOUTRAY and Willo D. Moutray, Defendants-Appellees.

No. 11430.

Supreme Court of New Mexico.

Dec. 28, 1977.

Matkins & Martin, Jerome D. Matkins, Carlsbad, for plaintiff-appellant.

McCormick & Forbes, Roger E. Yarbro, Carlsbad, for defendants-appellees.

## OPINION

FEDERICI, Justice.

This suit was brought in the District Court of Eddy County to recover sums owing to the plaintiff (appellant) by the defendants (appellees) for work performed on the appellees' residence. The cause was tried to the court without a jury and judgment was entered in favor of the appellant in the sum of $8,148.19, plus sales tax and attorneys fees.

The trial of this cause proceeded as one for the collection of an open account and foreclosure of a claim of lien filed by the appellant for services performed on an addition to and improvements to the residence of appellees. The trial court held that the total sum due the appellant for his services as a contractor was $18,000 plus 10%. Appellant maintains that the contract was of the cost plus variety, and that statements rendered to the appellees indicated that the actual cost of construction was in excess of $18,000 and that the evidence supports his contention.

Appellees contend that the testimony was disputed as to what the agreement was between the parties, and that the trial court found that the appellees and their architect relied on the disputed statements of appellant and awarded the contract to him on a cost plus 10% basis with a guaranteed maximum of $18,000 plus 10% profit, plus 4% New Mexico sales tax. Appellees maintain that this finding by the trial court is supported by substantial evidence in the record.

The appellant also contends that the trial court erred in finding that the appellees did not authorize including in "cost" items of overhead and supervisory time. Appellant contends that the evidence shows that the appellees paid the first three statements submitted to them by appellant, which included a 9% overhead charge, and that this payment indicates acquiescence in the overhead charge. However, the trial court found that appellees paid these first statements under protest as to the overhead charge, and that appellant agreed to adjust

the billing downward in the future. Appellees argue that this finding by the trial court is supported by the evidence.

The final point raised by appellant is that the trial court erred in its award of interest on the damages awarded. Appellant contends that § 50-6-3, N.M.S.A.1953 (Repl. 1962) provides that interest is allowed upon open account at 6% per annum after six months from the date of the last item. Appellant states that the trial court awarded 6% interest from the date of judgment, while it should have awarded the interest figure from six months following the due dates of statements rendered appellees by appellant.

Appellees contend that generally interest is an element of damages, and, as such, is left to the sound discretion of the trial court. More specifically, appellees contend that under § 50-6-3, an award of interest is not mandatory, but should be left to the sound discretion of the trial court.

The evidence in the case was conflicting, and the question is whether there is substantial evidence in the record to support the findings of fact and conclusions of law made by the trial court. We hold that there was substantial evidence to support the determinations of the trial court on the questions of the type of agreement entered into by the parties, the amount to be paid under that agreement, and the exclusion of overhead and supervisory time from the "cost" contemplated by the parties. *Compare Michelson v. House*, 54 N.M. 197, 218 P.2d 861 (1950).

■ Interest is an element of damages to be considered by the trial court. As such, it is left to the discretion of the trial court. In the case of *Kennedy v. Lynch*, 85 N.M. 479, 513 P.2d 1261 (1973), a contractor brought an action against a former owner to recover on an oral contract for construction work performed on a trailer park and also against the current owner to recover upon a written contract. In discussing the question of interest, this Court stated:

Plaintiff, in his cross-appeal, claims he should have been awarded interest from November, 1966 instead of April, 1969.

Because the amount owed by Defendants was rather uncertain until fixed by the judgment below, we believe the rule adopted in *O'Meara v. Commercial Insurance Company*, 71 N.M. 145, 152, 376 P.2d 486 (1962), requires the matter of interest to be left within the trial court's discretion.

85 N.M. at 482, 513 P.2d at 1264.

In *O'Meara v. Commercial Insurance Company*, 71 N.M. 145, 376 P.2d 486 (1962), this Court set forth the rules for allowance of interest as follows:

There can be no question but that the policy of insurance created a contract between O'Meara and the insurance company. Thus, we conclude that the date on which the contract of insurance was breached—June 30, 1958, when appellant denied liability—is the date when interest, as an element of damage, might be considered. The trial court could have included such an award in arriving at the amount of the judgment; however, it refused to do so and we decline to interfere with such a result under the facts of this case. The allowance of interest as an element of the total damage, under the circumstances here present, is a matter of discretion in the trier of the facts, and not a matter of right under the statute. See, 1 Restatement of the Law, Contracts, § 337, wherein the rule is stated as follows:

"If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

"(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.

"(b) Where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due."

In our judgment, the instant case falls under the provisions of subsection (b). Compare *Thorp v. American Aviation & General Ins. Co.* (E.D.Pa.1953), 113 F.Supp. 764.

Recognition of the above rule of the Restatement should aid the trial courts in their determination of the vexatious problems relating to the awarding or not awarding of interest, and will avoid the necessity of making the fine distinctions which many courts have done. See annotations, 169 A.L.R. 1074 and 1100; 43 A.L.R.2d 327; 154 A.L.R. 1356; and 36 A.L.R.2d 337; the cases cited therein showing the wide divergence of opinion, even within the same jurisdiction in some instances, of the decisions on the subject.

71 N.M. at 152, 153, 376 P.2d at 490, 491.

There is no doubt but what this litigation concerns an oral contract between the parties and that the amount due under the contract was not determinable before the court's judgment. This Court recognized in *Kennedy v. Lynch, supra*, that an award of interest was not mandatory under § 50–6–3, but should be left with the sound discretion of the trial court. Accordingly, this matter falls within Section 337(b) of the restatement cited in the *O'Meara* case and the trial court did not abuse its discretion by failing to award interest until the date of judgment.

The judgment of the trial court is affirmed. Appellant and appellees shall each bear their own costs and attorneys fees on appeal.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.