627 P.2d 878

**David HILLELSON, Plaintiff-Appellee,**

v.

**REPUBLIC INSURANCE COMPANY, Defendant-Appellant.**

**No. 13274.**

Supreme Court of New Mexico.

May 6, 1981.

Menig, Sager, Curran & Sturges, Edward T. Curran, Albuquerque, for defendant-appellant.

Elvin Kanter, Albuquerque, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Hillelson filed a claim on a homeowner's policy issued by Republic Insurance Company (Republic) for a loss of certain property stolen from the home. When Republic failed to pay the claim, Hillelson filed suit in the district court. The district court awarded judgment in the amount of $10,515.20 plus interest at 10% per annum. We affirm in part and reverse in part.

The insurance policy provides that in event of loss, the insured must give the company written notice, furnishing complete inventory "showing in detail quantity, costs, actual cash value and amount of loss claimed; AND * * * A PROOF OF LOSS signed and sworn to by the insured."

Hillelson delivered a proof of loss in the amount of $8,039, including $4,715 for stereo equipment. In support of his claim on the stereo equipment, Hillelson delivered a Channel Industries invoice. Evidence in the record tends to show that the invoice was not related to the stolen stereo equipment.

The issues on appeal are: (1) Whether there is substantial evidence to find that Hillelson did not falsely swear to his claim; (2) Whether the trial court correctly determined the amount of loss; and (3) Whether the trial court provided for the proper rate of interest on the judgment.

We recently set forth the standard of review of substantial evidence questions in *Toltec Intern. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980).

We note that there is evidence in the record showing that Hillelson had the stereo equipment and there is no evidence to the contrary. We also note that "false swearing has been defined as knowingly and intentionally stating upon oath what is not true." 60 Am.Jur.2d *Perjury* § 2 (1972). Even if we take the falsity of the invoice as correct, there is substantial evidence in the record to the effect that Hillelson did not know or have any reason to know it was false. The trial court is affirmed on this issue.

Concerning the amount of judgment, Republic does not dispute that if Hillelson was entitled to recover under the policy, he was entitled to $8,872. Since Section 56–8–3, N.M.S.A.1978, the statute in effect when this became a pending case, provided for interest of six percent per annum on money due by contract, the trial court could, in its discretion, award six percent interest to the amount Republic owed Hillelson. *See O'Meara v. Commercial Insurance Company*, 71 N.M. 145, 376 P.2d 486 (1962). This interest should have accrued from the date Republic denied liability. Since that date is unclear, it should be a reasonable time.

There is some ambiguity as to what the trial court did to determine the amount of judgment and accrual of interest. This question is remanded to the trial court for consideration of the proper judgment amount to be awarded following the guidelines set forth above.

Prior to judgment in this case, Section 56–8–3, *supra*, was amended by the Legislature. Section 56–8–3, N.M.S.A.1978 (Cum.Supp.1980). The new statute provides for ten percent interest on judgments and decrees for the payment of money.

The New Mexico Constitution, Article IV, Section 34, provides: "No act of the legislature shall affect the right or remedy of

either party, or change the rules of evidence or procedure, in any pending case." We are called upon to decide whether interest must be set under the old statute or the new statute. Section 34 of Article IV of our Constitution requires interest to be set under the old statute if the statutory change affects the right or remedy of either party.

 In *Bradbury & Stamm Const. Co. v. Bureau of Revenue*, 70 N.M. 226, 372 P.2d 808 (1962), this Court was concerned with a similar change in statutes concerning interest the State must pay a taxpayer on illegally collected taxes. Because the requirement that the State pay interest did not create a right, but only a privilege for the taxpayer, the statute in effect at the time of judgment rather than the time of filing controlled. However, that case applied where the State was involved, and is distinguishable from this situation which involves claims between private parties. There can be little doubt that a change in interest affects either the rights or the remedies of the parties, even if these rights or remedies are purely statutory. *See Morley v. Lake Shore Railway Co.*, 146 U.S. 162, 13 S.Ct. 54, 36 L.Ed. 965 (1892) and *Funkhouser v. Preston Co.*, 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243 (1933). While interest could not be claimed as a matter of right in the absence of an express agreement at *early* common law, according to the modern viewpoint, there are many circumstances where interest can be so claimed. 45 Am.Jur.2d *Interest and Usury* § 34 (1969). We think this is an appropriate situation within the latter rule. Since our Constitution forbids an act of the Legislature from affecting a right or remedy such as the one involved here, it follows that the statute in effect when this became a pending case is applicable. The trial court is reversed on this issue and directed to enter judgment with interest at the rate of six percent per annum.

Finally, Hillelson requests attorney fees for the appeal in this matter. This issue was not raised in the trial court and the court did not find that the insurer acted unreasonably in failing to pay the claim, as required by Section 39–2–1, N.M.S.A.1978. Attorney fees are denied. Costs shall be apportioned equally between the parties.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.