698 P.2d 430

**Jack GRYNBERG, d/b/a Jack Grynberg and Associates, Plaintiff-Appellee and Cross-Appellant,**

v.

**Victor ROBERTS, et al., Defendants-Appellants and Cross-Appellees.**

No. 15007.

Supreme Court of New Mexico.

April 16, 1985.

Martin & Behles, W.T. Martin, Jr., Carlsbad, for defendants-appellants and cross-appellees.

James E. Kirk, Albuquerque, Chad Dickerson, Artesia, for plaintiff-appellee and cross-appellant.

## OPINION

SOSA, Senior Justice.

Plaintiff appeals from a failure of the trial court to award prejudgment interest in a suit for breach of contract. Plaintiff Grynberg sued Roberts and several other defendants for breach of an agreement to pay proportionate shares of the cost to drill and operate certain oil wells. The trial court granted judgment to Grynberg on the principal indebtedness, but failed to award the requested "reasonable interest" on the principal awarded. We reverse on that issue.

The sole question on appeal is whether prejudgment legal interest should attend the amount awarded Grynberg.

The trial court found that since 1975 the defendants had not paid their share of the drilling and operational costs under their agreements. In evidence were agreement forms entered into by the parties, titled "Authorization For Expenditures." In 1974 each defendant had signed such an agreement for each of the six wells involved in this suit. Each authorization agreement listed for each well the estimated dollar amounts for "intangible drilling costs," "tangible completion costs," and "intangible completion costs". Additionally, the agreements recorded each defendant's specific percentage of working interest and his separate estimated proportionate total cost for that well.

A claim of lien against the working interest in each well was filed against every defendant by Grynberg in 1977. At that time Grynberg filed a document for each defendant listing the date, invoice number and amount of indebtedness owed by each defendant on each invoice. Included was the amount of "interest to date" on each defendant's total indebtedness. These documents covered a time period from 1974 to 1977. A portion of the 1974–1975 cost was paid by certain of the defendants and was not included in the 1977 debt summary.

In his complaint in the instant case, Grynberg requested "reasonable interest" on drilling and operation costs he alleged were owed to him by the defendants. Findings by the trial court showed that Grynberg was required to pay twenty percent interest on the amount he borrowed to cover the defendant's costs. However, the court found it could not allow Grynberg reimbursement for interest on monies borrowed because Grynberg submitted no evidence whatsoever as to the amounts or dates the sums were borrowed, or the actual interest paid in covering these costs. The court ascertained and awarded Grynberg exact sums of monies owed to him by each defendant individually under each agreement, but awarded no interest.

Grynberg claims he is due the prejudgment interest on the amount awarded him, since he has not had use of that money from the time it was initially due and owing to the present. Grynberg did not seek reimbursement for the actual interest paid on money borrowed. Citing to *Shaeffer v. Kelton*, 95 N.M. 182, 619 P.2d 1226 (1980),

he asserts that the trial court erred in not awarding the statutory interest allowed on money due on a contract under NMSA 1978, Section 56–8–3 (Orig.Pamp. and Cum. Supp.1984). Section 56–8–3, governing the interest rate on a contract provides:

> The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:
>
> A. on money due by contract;
>
> B. on money received to the use of another and retained without the owner's consent expressed or implied; and
>
> C. on money due upon the settlement of matured accounts from the day the balance is ascertained.

NMSA 1978, § 56–8–3 (Cum.Supp.1984). Previously, this statute provided an interest rate of six percent. NMSA 1978, § 56–8–3 (Orig.Pamp.).

The facts in *Shaeffer* are similar to those in the instant case. There the defendant buyer breached a construction contract. In *Shaeffer*, a case in which two members of this panel participated, we stated that because of the debt owed the plaintiff by the defendant, plaintiff was unable to discharge a construction loan and:

> [plaintiff] has also been forced to make costly interest payments. * * * In addition, he has lost the use and earning power of $17,000 of his own funds used to finance the project. Simple interest is allowed as a means of estimating these probable gains and as compensation for their prevention.

95 N.M. at 187, 619 P.2d at 1231. The *Shaeffer* court continued that under NMSA 1978, Section 56–8–3, the contractor was entitled to recover interest as a matter of right on money due by contract, even when there was no interest rate specified in the contract. *Id.* at 188, 619 P.2d at 1232.

In *Shaeffer* we quoted with approval *O'Meara v. Commercial Insurance Co.*, 71 N.M. 145, 376 P.2d 486 (1962). *O'Meara* adopted the common law rule allowing interest on indebtedness where the amount due can be readily ascertained. *O'Meara* and *Shaeffer* interpreted NMSA 1978, Section 56–8–3, and its forerunner, NMSA 1953, Section 50–6–3, to allow prejudgment interest in certain instances. *O'Meara* and *Shaeffer* adopted the rule stated in *Restatement of Contracts* Section 337 (1932):

> If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:
>
> (a) where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.

■ This court recognized in *Shaeffer* that under both the common law and NMSA 1978, Section 56–8–3, where the amount of indebtedness under the contract is *ascertainable by the breaching party*, the injured party is entitled to interest as a matter of right on those monies at the legal rate.

In adopting *Restatement* § 337(a), *Shaeffer* indicated that when the amount owed is "ascertainable by a mathematical calculation from a standard fixed in the contract or from established market prices," Section 56–8–3 is applicable. 95 N.M. at 187, 619 P.2d at 1231 (quoting from *Restatement of Contracts* § 337(a) (1932)).

■ In the instant case Grynberg produced sufficient evidence to sustain his burden of proof, under *Shaeffer*, that the sums due under the contracts could have been ascertained with reasonable certainty. NMSA 1978, § 56–8–3; *Shaeffer; see also Restatement (Second) of Contracts* § 354 comment c (1981). Grynberg's evidence included, first, the "Authorization For Expenditures" signed by the defendants for

each well. The agreements stated the exact percentage of the working interest and the percentage of costs each defendant would owe. Secondly, the documents Grynberg filed with the court in 1977 listed dates, invoice numbers, exact amounts due per invoice and the total amount due for each defendant.

█ Under the rule stated in *Shaeffer,* the receipt of an invoice showing the amount owed is sufficient notice to a reasonable person of the amount in which he is indebted under his contract. Here, in addition to information provided by the invoices, the defendants could ascertain their portion of the total costs of the operation from their percentage of the "working interest" explicitly stated in the "Authorization For Expenditures" documents, which is a standard fixed in the contract. Therefore, the debt is *"ascertainable by mathematical calculation from a standard fixed in the contract ...* [and] interest is allowed on the amount of the debt * * *."* *Shaeffer,* 95 N.M. at 187, 619 P.2d at 1231 (emphasis added); (quoting from *Restatement of Contracts* § 337(a) (1932)). *See also Restatement (Second) of Contracts* § 354 comment c (1981).

The defendants argue that Grynberg's reliance on *Shaeffer* and subsection (a) of Section 337 is misplaced, and that the case before us falls entirely within judicial discretion under subsection (b). Subsection (b) does not apply to the facts in the instant case. From the transcript it is obvious that Grynberg made a sufficient showing to the trial court through invoices and the "Authorization For Expenditures" to prove that the amounts owing were ascertainable with reasonable certainty. *See Restatement (Second) of Contracts* § 354 comment c (1981). Therefore, this is a case which comes within the *Shaeffer* interpretation of subsection (a) of Section 337, and an award of prejudgment interest is proper.

In *Hillelson v. Republic Insurance Co.,* 96 N.M. 36, 627 P.2d 878 (1981), Chief Justice Federici commented on the appropriateness of granting prejudgment interest:

While interest could not be claimed as a matter of right in absence of an express agreement at *early* common law, according to the modern viewpoint, there are many circumstances where interest can be so claimed. 45 Am.Jur.2d *Interest and Usury* § 34 (1969).

96 N.M. at 38, 627 P.2d at 880. (Emphasis in original).

█ The common law rule of prejudgment interest as stated in *Restatement of Contracts* Section 337 (1932), does not depend on extraneous factors such as whether the injured party borrowed to cover the indebtedness; or whether or not interest was paid on money borrowed to cover the breaching party's debt. *See Shaeffer,* 95 N.M. at 187, 619 P.2d 1231 (eventually realizing a profit on the constructed unit is "not relevant" for the purposes of awarding prejudgment interest).

█ The trial court's finding that Grynberg did not submit evidence as to dates and amounts borrowed or the interest paid on borrowed sums is not determinative of his right to prejudgment interest under the rule as stated in *Restatement of Contracts* Section 337 (1932). *See Shaeffer.*

█ In *Hillelson,* we directed the trial court to grant prejudgment interest from the date the defendant denied his liability. Following the *Hillelson* rule, the interest here accrued from the dates the payments were due. A rate of interest on the judgment at the legal rate, from the date the monies became payable until the date the debts were discharged or the judgment was entered, should have been awarded by the trial court. *Shaeffer.* Interest following judgment until date of payment is likewise due and payable. NMSA 1978, § 56–8–4(A) (Cum.Supp.1984). The rate of prejudgment interest to be granted is that rate in effect "when this became a pending case." *Hillelson,* 96 N.M. at 38, 627 P.2d at 880. The postjudgment rate of interest is set by statute at fifteen percent. NMSA 1978, § 56–8–4(A) (Cum.Supp.1984).

We remand this cause of action to the trial court to award prejudgment interest in accordance with this opinion.

IT IS SO ORDERED

FEDERICI, C.J., and RIORDAN and WALTERS, JJ., concur.

STOWERS, J., dissenting.

STOWERS, Justice, dissenting.

I dissent.

An award of prejudgment interest is not appropriate in this case.

The facts in this case show that the defendants did not breach a contract to pay a definite sum of money, or to render a performance the money value of which is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from market prices of the subject matter. *See Restatement of Contracts* § 337(a) (1932). The defendants are not chargeable with interest on a sum unless the amount is fixed by the contract or the defendants could have determined the amount with reasonable certainty to make a proper tender. *Restatement (Second) of Contracts* § 354 comment c (1981). The trial court found agreements between the parties and the terms of those agreements based on written estimates of costs and expenses, correspondence, verbal understandings, and the actions and conduct of the parties. The terms of the agreements and the amounts due under those terms were not determinable prior to the trial court's construction of the agreements. Thus, the amounts owed by the defendants were not ascertainable by mathematical calculation prior to the judgment of the trial court. *See Kennedy v. Moutray*, 91 N.M. 205, 572 P.2d 933 (1977).

This being the case, an award of prejudgment interest then becomes a matter of the trial court's discretion. *See Restatement of Contracts* § 337(b); *Restatement (Second) of Contracts* § 354(2). The trial court properly exercised its discretion by refusing to award prejudgment interest. *See O'Meara v. Commercial Insurance Co.*, 71 N.M. 145, 376 P.2d 486 (1962). As we have said many times, we will not review the exercise of a trial court's discretion absent an abuse of discretion. *Edington v. Alba,*

74 N.M. 263, 392 P.2d 675 (1964). There is no abuse of discretion in this case.

I would affirm the trial court.