750 P.2d 1107

**BILL McCARTY CONSTRUCTION CO.,**
**Plaintiff–Appellant,**

v.

**SEEGEE ENGINEERING COMPANY,**
**Defendant–Appellee.**

**No. 16650.**

Supreme Court of New Mexico.

March 3, 1988.

Modrall, Sperling, Roehl, Harris & Sisk, J. Douglas Foster, Kathryn D. Lucero, Albuquerque, for plaintiff-appellant.

Sager, Curran, Sturges & Tepper, Matthew P. Holt, Albuquerque, for defendant-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Plaintiff–Appellant, Bill McCarty Construction Co., Inc., moved for rehearing of this Court's earlier decision, filed November 9, 1987. This Court granted rehearing solely on the issue of whether McCarty was entitled to prejudgment interest. Our earlier decision on this matter is withdrawn and this opinion is filed in its place.

McCarty contracted with Seegee Engineering Company, Inc. to supply concrete and perform earthwork for the construction of the Ruidoso High School. The concrete was supposed to meet strength requirements, as specified in the plans for

the project. After the work was completed, Seegee refused to pay for a portion of the concrete and a portion of the earthwork. McCarty filed suit to collect the balance owed for the concrete and earthwork, which totaled $18,745.24. Seegee counterclaimed that the concrete on the second floor of the school was defective, causing damages in the amount of $27,927.48, the cost of removing and replacing the concrete on the entire second floor. The case was tried to the court without a jury. Both parties proposed findings of fact and conclusions of law, much of which were incorporated into the ruling of the trial court. The damages stated in the complaint and findings of the trial court differ, but the amounts claimed have not been challenged on appeal and we accept them here. The court ordered Seegee to pay McCarty $18,745.25 on the complaint. The court also awarded Seegee the full damages on the counterclaim for removal and replacement of the second floor concrete.

McCarty appealed to this Court on two grounds: (1) the damage award to Seegee was not supported by substantial evidence, and (2) the award to McCarty should have included prejudgment interest. We affirm the trial court's award of damages to Seegee and denial of prejudgment interest to McCarty.

■ McCarty's initial point on appeal is that the award of damages to Seegee was not supported by substantial evidence. First, McCarty asserts that Seegee's employees were the cause of the concrete being substandard, because they ordered McCarty's truck driver to add water to one load of concrete when the concrete began to set up too fast. In line with this argument, McCarty challenges findings of fact thirty, thirty-four, and thirty-eight, to the effect that the concrete did not meet contract requirements. There is substantial evidence in the record to support these challenged findings. Seegee's expert, Mr. Dale Decker, testified about the necessity for the supplied concrete to meet the construction standard of 3,000 pounds per square inch (p.s.i.). Mr. Decker also testi-

fied that the test results showed varying strengths across the entire second floor, many of which were below 3,000 p.s.i. Seegee's president, a civil engineer, also testified about the substandard test results.

McCarty challenges conclusion of law three, which states: "The concrete was unfit for the purpose supplied." The predicate to this challenge appears to be the above mentioned challenges to findings of fact thirty, thirty-four, and thirty-eight. A puzzling aspect of McCarty's argument is that it does not challenge other findings of fact in the record which establish that McCarty was the party responsible for the quality and consistency of the concrete mix. For example, finding eleven states that McCarty submitted concrete mix designs for the project. Finding twenty states that McCarty's dispatcher arranged a pump for Seegee's use. Finding twenty-one states that the pump so arranged would not pump aggregate larger than $3/4''$ in diameter. Finding twenty-two states that McCarty's mix designs required aggregate larger than $3/4''$ in diameter. Findings twenty-three through twenty-nine indicate that Seegee relied on McCarty's expertise to provide concrete and that Seegee was unaware that McCarty altered the concrete mix to fit the smaller pump. Further, McCarty does not challenge finding thirty-five, which states: "Trade usage and McCarty's own practices do not permit changes to concrete orders to be made by anyone except the one who orders and pays for the concrete, and the pumper had no authority from Seegee to change the mix." It is our opinion that even if findings thirty, thirty-four, and thirty-eight were stricken, there are sufficient unchallenged findings in the record to support conclusion three. This Court has noted that when a judgment rests on one or more findings of fact, there is substantial evidence to support the judgment. *Watson Land Co. v. Lucero*, 85 N.M. 776, 777, 517 P.2d 1302, 1303 (1974).

■ Next, McCarty argues that regardless of whether the concrete was defective, the defect was limited to a specific part of the second floor and therefore removal of

the entire floor was unnecessary. McCarty challenges finding thirty-six which states: "The concrete failed to meet the 3,000 p.s.i. specification on one-half of the second floor, and three core tests taken on the other half showed an average strength of more then [sic] 3,000 p.s.i. although one of those tests showed a strength of only 2,150 p.s.i." The exhibits offered at trial showed results from core tests taken from the second floor of the school. The results indicated that portions of the entire floor were below standards. McCarty also challenges finding forty-two which states: "The decision to replace the entire second floor was a reasonable one under the circumstances of the widely varying test results." McCarty argues the decision to remove the floor was based solely on a recommendation by the project architect. However, testimony at trial indicated the decision was based not only on the architect's recommendation, but also on the results of the core tests, the expertise of Seegee's president, Mr. Carl Blumenthal, and its supervisor, Mr. Vaughn Ford.

The function of an appellate court is to review the evidence considered by the lower court, not to weigh it. If there is substantial evidence to support the findings of the trial court, they shall not be disturbed. *Sandoval v. Department of Employment Sec.*, 96 N.M. 717, 718, 634 P.2d 1269, 1270 (1981). Substantial evidence is recognized by this Court as that which a reasonable mind accepts as adequate to support a conclusion. *Id.* Even if McCarty were correct in its position that the decision to remove the entire floor was based solely on the architect's recommendation, McCarty provided no evidence that the architect acted unreasonably, or was unable to interpret the test results. Based on the testimony in the record, we conclude that findings thirty-six and forty-two are supported by substantial evidence.

McCarty challenges finding forty-three which states: "The total necessary and reasonable cost to Seegee to remove and replace the concrete was $27,927.48, and McCarty is responsible for reimbursing Seegee that amount subject to an offset of $6,431.25 for the concrete delivered."

There is no dispute in the record that Seegee did suffer damages in the amount of $27,927.48 to remove and replace the concrete. Apparently, McCarty's only challenge to finding forty-three is because it finds McCarty is responsible for paying the damage. Similarly, McCarty challenges finding forty-four which states: "McCarty's breaches of warranty and breach of contract have proximately caused damage to Seegee in the sum of $27,927.48." McCarty also challenges conclusions of law nine and ten, which state that McCarty breached its contract and its warranties to Seegee. Findings forty-three and forty-four and conclusions nine and ten follow the court's earlier findings that McCarty was responsible for the substandard concrete and that removal of the entire floor was reasonable. Although findings forty-three and forty-four have a quality of mixed fact and law, this Court has acknowledged that such findings will be upheld when supported by substantial evidence. *Watson Land Co. v. Lucero*, 85 N.M. 776, 777, 517 P.2d 1302, 1303 (1974). As we stated earlier, there is substantial evidence for the court's underlying findings, and we conclude that findings forty-three and forty-four and conclusions nine and ten flow logically from those findings.

■ We next address McCarty's second point on appeal, that it was entitled to prejudgment interest as a matter of right. This Court has adopted the view of the *Restatement of Contracts* § 337(a) (1932), that prejudgment interest should be awarded as a matter of right when the amount owed can be ascertained with reasonable certainty. We have held that prejudgment interest should be awarded when an amount is ascertainable, although liability remains to be proven at trial. *O'Meara v. Commercial Ins. Co.*, 71 N.M. 145, 152, 376 P.2d 486, 491 (1962). In *Grynberg v. Roberts*, 102 N.M. 560, 698 P.2d 430 (1985), we held an amount was ascertainable when agreements between the parties "stated the exact percentage of the working interest and the percentage of costs each defendant would owe," and invoices to the defendant "listed dates, invoice numbers,

exact amounts due per invoice and the total amount due for each defendant." *Id.* at 563, 698 P.2d at 433. In this case, McCarty's invoices to Seegee met the requirements set forth in *Grynberg,* with one exception. The defendant in *Grynberg* did not file a counterclaim.

The *Restatement of Contracts* § 337(b) states that prejudgment interest is discretionary when the amount owed is not ascertainable. And, we have noted that prejudgment interest should not be "awarded arbitrarily without regard for the equities of each particular situation." *Ledbetter v. Webb,* 103 N.M. 597, 604, 711 P.2d 874, 881 (1985) (citing *Shaeffer v. Kelton,* 95 N.M. 182, 188, 619 P.2d 1226, 1232 (1980)). In this case, McCarty filed a claim against Seegee for $18,745.25, and Seegee filed a counterclaim for $27,927.48. It was unascertainable exactly how much, if anything, McCarty owed until the facts were resolved at trial. Because the amount of any setoff was unascertainable before trial, we hold the award of prejudgment interest by the trial court was, and should have been, discretionary. *See Kennedy v. Moutray,* 91 N.M. 205, 207, 572 P.2d 933, 935 (1977); *Kennedy v. Lynch,* 85 N.M. 479, 482, 513 P.2d 1261, 1264 (1973). We find no abuse of discretion in the trial court's denial of prejudgment interest.

We therefore affirm the trial court's decision to award the full amount of Seegee's counterclaim and to deny prejudgment interest on the amounts awarded to McCarty. The judgment of the trial court is affirmed as entered.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, WALTERS, and RANSOM, JJ., concur.