791 P.2d 461

**Kathleen KUEFFER,**
**Plaintiff–Appellant,**

v.

**William C. KUEFFER and Santa Fe De-**
**sign Associates, Inc., a New Mexico cor-**
**poration, Defendants–Appellees.**

**No. 18710.**

Supreme Court of New Mexico.

May 3, 1990.

Rehearing Denied May 23, 1990.

Levy & Geer, Robert D. Levy, Albuquerque, for plaintiff-appellant.

Herrera, Baird & Ares, Leland G. Ares, Santa Fe, for defendants-appellees.

## OPINION

WILSON, Justice.

Kathleen Kueffer (Ms. Kueffer), plaintiff-appellant, sued her former husband William C. Kueffer (Mr. Kueffer) and Santa Fe Design Associates, Inc. (SFDA), defendants-appellees, for breach of contract and breach of fiduciary duty. The trial court found that Mr. Kueffer breached the contract but did not breach a fiduciary duty to Ms. Kueffer. The court entered judgment for Ms. Kueffer on the breach of contract claim and awarded her compensatory damages; however, the court refused to award her punitive damages and prejudgment interest on that claim. Ms. Kueffer appeals the court's judgment and we affirm in part and reverse in part.

## FACTS

The Kueffers' marriage was dissolved by partial decree on July 10, 1987. The decree did not divide the couple's community assets and debts. The Kueffers divided those items by a written contract (the Kueffer contract) which provided that: (1) Mr. Kueffer would receive the couple's interests in SFDA and would hold Ms. Kueffer harmless for SFDA debts incurred after July 1987; (2) the couple would divide equally their sixty-four percent interest in net proceeds from a contract between SFDA and John Conron (the Conron contract); (3) Mr. Kueffer would manage the couple's interest in the Conron contract as a fiduciary; and (4) Mr. Kueffer would only deduct costs related to the Conron Development Project (the Project) from Ms. Kueffer's share of the gross proceeds from the Conron property's sale. The Kueffer contract defined "net proceeds" as "limited to the funds or land received, pursuant to the [Conron Contract], less any claim Conron has been paid arising from the actual [Conron Property Development Project]."

When the Kueffers negotiated their contract Mr. Kueffer was aware of plans to sell the Conron property, including the couple's interest in that property. SFDA then had several outstanding debts, including delinquent gross receipts taxes, an architectural fee, and a loan. During the contract negotiations, Mr. Kueffer represented that SFDA had a zero net value and that the couple's interest in the Conron contract had no value.

On December 13, 1988, the Conron property sold and SFDA's share of the sale proceeds was $155,000. In dividing these proceeds, Mr. Kueffer's accountant determined that Ms. Kueffer was entitled to thirty-two percent of the net proceeds. He defined "net proceeds" as gross less offsets related to the Project. He then deducted two costs related to the Project: $12,912.73 for a hydrological test and $7,566.78 for a gross receipts tax. Also deducted from the gross proceeds were amounts for SFDA's outstanding debts noted above. After these deductions the gross proceeds equalled $82,570.33. On February 23, 1989, Mr. Kueffer through SFDA paid Ms. Kueffer $26,423.15 as her share of the net sale proceeds after the above deductions. On February 27, 1989, Ms. Kueffer filed a complaint against Mr. Kueffer and SFDA for breach of contract and breach of fiduciary duty based on the defendants' alleged failure to distribute to her the "net sale proceeds" as defined in the Kueffer contract. She sought specific performance of the contract or money damages, plus punitive damages, costs, interest, and attorney fees. The defendants

sought dismissal of the complaint with prejudice, claiming Ms. Kueffer was liable for SFDA debts incurred prior to July 1987, and the net sale proceeds were properly distributed to her under the contract.

The trial court found that Mr. Kueffer breached the contract by improperly deducting amounts for SFDA's outstanding debts from Ms. Kueffer's share of the net sale proceeds; however, he did not breach a fiduciary duty since the Kueffer contract was ambiguous and he acted in good faith. On August 2, 1989, the trial court entered its final judgment awarding Ms. Kueffer damages of $16,623.40 plus fifteen percent interest; representing her share of the net sale proceeds ($43,076.56) minus funds previously received ($26,423.15). The court denied Ms. Kueffer's claims for prejudgment interest, punitive damages, costs and fees. The defendants paid Ms. Kueffer $18,-112.18 in satisfaction of this judgment. Ms. Kueffer appeals.

ISSUES

On appeal Ms. Kueffer argues that substantial evidence does not support the trial court's failure to:

(1) award prejudgment interest on the breach of contract claim;

(2) award punitive damages on the breach of contract claim; and

(3) find that Mr. Kueffer breached his fiduciary duty to Ms. Kueffer.

We review each issue in turn.

In determining whether substantial evidence supports the trial court's decision we resolve all disputed facts in favor of the prevailing party and indulge all reasonable inferences in support of the decision, disregarding all inferences or evidence to the contrary. *Brannock v. Brannock,* 104 N.M. 385, 387, 722 P.2d 636, 638 (1986). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Register v. Roberson Constr. Co.,* 106 N.M. 243, 245, 741 P.2d 1364, 1366 (1987). Trial court findings supported by substantial evidence will not be overturned on appeal. *Elephant Butte Resort Marina, Inc. v. Wooldridge,* 102 N.M. 286, 291, 694 P.2d 1351, 1356 (1985).

1. *Prejudgment Interest*

Ms. Kueffer claims the trial court erred in failing to award prejudgment interest on the breach of contract claim from the date the proceeds were distributed to the date of judgment. An injured party is entitled to prejudgment interest as a matter of right when the amount due under the contract can be ascertained with reasonable certainty by a mathematical standard fixed in the contract or by established market prices. *Bill McCarty Constr. Co. v. Seegee Eng'g Co.,* 106 N.M. 781, 783, 750 P.2d 1107, 1109 (1988); *Grynberg v. Roberts,* 102 N.M. 560, 562, 698 P.2d 430, 432 (1985). When the contractual debt owed is ascertainable by these means the legal annual interest rate, presently fifteen percent, applies. *Id.; see also* NMSA 1978, § 56–8–3 (Repl.Pamp.1986). The trial court has discretion to award prejudgment interest, if justice requires, when the contract amount is not ascertainable by the above means. *United Nuclear Corp. v. Allendale Mut. Ins. Co.,* 103 N.M. 480, 488, 709 P.2d 649, 657 (1985). A mere difference of opinion as to the amount owed will not relieve the breaching party from liability for prejudgment interest. *Id.* Prejudgment interest is meant to compensate a plaintiff for injuries resulting from the defendant's failure to pay and the loss of use and earning power of plaintiff's funds expended as a result of the defendant's breach. *Id.*

In this case, the Kueffer contract contained a mathematical standard defining the "net proceeds" due Ms. Kueffer. There is no question that the amount owed was ascertainable by using this standard and subtracting the appropriate costs from the sale proceeds. The fact that Mr. Kueffer disagrees with the allowable deductions from the sale proceeds does not alter this fact. We conclude that Mr. Kueffer used and retained Ms. Kueffer's money without her consent, contrary to Section 56–8–3(B), and must pay fifteen percent annual interest. To rule otherwise would allow Mr. Kueffer to avoid paying prejudgment interest merely by contesting the amount owed and permit him to use Ms. Kueffer's money free of charge. We reverse the trial court

on this point and remand with instructions to enter judgment for Ms. Kueffer for fifteen percent annual prejudgment interest from the date of distribution to the date of judgment.

### 2. Punitive Damages

Ms. Kueffer also claims the trial court erred in failing to award punitive damages on her breach of contract claim. Under New Mexico law, a plaintiff cannot recover punitive damages for breach of contract unless that breach is " 'maliciously intentional, fraudulent or oppressive, or committed recklessly or with a wanton disregard of the rights of the plaintiff.' " *Art Janpol Volkswagen, Inc. v. Fiat Motors, Inc.,* 767 F.2d 690, 696 (10th Cir.1985) (citation omitted). *See also* SCRA 1986, 13-1827; *Boudar v. E.G. & G., Inc.,* 106 N.M. 279, 283, 742 P.2d 491, 495 (1987). An award of punitive damages is within the trial court's discretion. *New Mexico Hosp. Ass'n v. A.T. & S.F. Memorial Hosp., Inc.,* 105 N.M. 508, 513, 734 P.2d 748, 753 (1987). A trial court abuses its discretion when its decision is contrary to logic and reason under the circumstances. *Newsome v. Farer,* 103 N.M. 415, 420, 708 P.2d 327, 332 (1985); *Martinez v. Ponderosa Prod., Inc.,* 108 N.M. 385, 386, 772 P.2d 1308, 1309 (Ct.App.), *cert. denied,* 108 N.M. 273, 771 P.2d 981 (1989).

In this case, Mr. Kueffer testified that since the contract exempted Ms. Kueffer from liability for SFDA debts arising after July 1987, he assumed that she would remain jointly liable for SFDA debts incurred prior to that time and that he could properly deduct such debts from the sale proceeds prior to distribution. There is no evidence that Mr. Kueffer's interpretation of the contract was intentionally malicious, oppressive, reckless, or in wanton disregard of Ms. Kueffer's rights. We agree that the contract was ambiguous and his interpretation of it, though mistaken, did not render him liable for punitive damages. We affirm the trial court's denial of punitive damages as substantial evidence did not support such an award.

### 3. Breach of Fiduciary Duty

Ms. Kueffer next claims the trial court erred in failing to find Mr. Kueffer breached a fiduciary duty to her, even if he acted in good faith. A fiduciary is obliged "to act primarily for another's benefit in matters connected with such undertaking." *Black's Law Dictionary* 563 (5th ed. 1979). A fiduciary breaches this duty by placing his interests above those of the beneficiary. *Gelfand v. Horizon Corp.,* 675 F.2d 1108, 1110 (10th Cir.1982).

Mr. Kueffer was obliged to protect Ms. Kueffer's interests in the sale proceeds. The record contains substantial evidence supporting the trial court's finding that Mr. Kueffer's deduction of SFDA costs from Ms. Kueffer's share of the proceeds was due to his interpretation of the contract and did not result from a subordination of Ms. Kueffer's interests. We affirm the trial court on this issue.

### CONCLUSION

We reverse the trial court's refusal to award prejudgment interest and remand for action consistent with this decision. We affirm the court on the other issues presented. The parties will bear their own costs on appeal.

IT SO ORDERED.

SOSA, C.J., and MONTGOMERY, J., concur.