879 P.2d 86

**Cary M. TAYLOR and Taylor Resources Corporation, a New Mexico corporation, Plaintiffs–Appellees,**

v.

**James D. ALLEGRETTO, D.M.D., Defendant–Appellant.**

**No. 21420.**

Supreme Court of New Mexico.

Aug. 3, 1994.

Bates Law Firm, Lloyd O. Bates, Jr., Las Cruces, for appellant.

Foy, Foy & Castillo, P.C., Lourdes A. Martinez, Lisa L. Warren, Las Cruces, for appellees.

## OPINION

RANSOM, Justice.

Following judgment on remand from an earlier appeal, James D. Allegretto appeals from an award of damages to Cary M. Taylor, a licensed architect and contractor. The trial court awarded Taylor damages based on a benefit he conferred on Allegretto in the form of labor, materials, and expertise used in constructing a building shell and other improvements collateral to the construction of a completed dental office known as "Unit 2".

In the first appeal, *Taylor v. Allegretto,* 112 N.M. 410, 816 P.2d 479 (1991), Taylor challenged the trial court's judgment against him. The trial court had determined that an American Institute of Architects Abbreviated Form Agreement ("AIA Agreement") represented an effective contract between the parties for all of the work completed. This Court held that the trial court erred in excluding parol evidence that should have been used to determine the scope of the AIA Agreement. *Id.* at 413, 816 P.2d at 482. Further, this Court instructed the trial court that if, after considering parol evidence, the trial court were to find the AIA Agreement represented an effective contract between the parties, then "[a] plain reading of the document ... reveals that it did not include construction of the building shell, but rather related only to construction of Unit 2." *Id.* Consequently, any work done by Taylor in addition to Unit 2 must have been based on collateral agreements, *id.* at 415, 816 P.2d at 484, or based on "work performed which was not covered by any specific agreement, written or otherwise, and for which [Taylor] has not been paid," *id.* at 416, 816 P.2d at 485.

On remand, having found that the AIA Agreement represented an effective contract and that Taylor proved no collateral agreements, the trial court correctly interpreted this Court's mandate to require an award under quantum meruit for unpaid work done separately from the construction of Unit 2.

*See id.* We reject Allegretto's contrary interpretation of the mandate. Based on its award of damages in quantum meruit, the trial court concluded that Taylor also was entitled to ten percent prejudgment interest from July 16, 1986, through February 20, 1990; fifteen percent prejudgment interest from February 20, 1990, through June 3, 1993; and fifteen percent postjudgment interest on the principal until paid in full.

In this second appeal we consider Allegretto's argument that the doctrines of law of the case, res judicata, and laches bar an award of prejudgment interest. We find Allegretto's contentions without merit and we affirm the award of prejudgment interest. We remand, however, so that the trial court may reconsider its prejudgment-interest calculation. We have considered and now deny Taylor's request for an award of attorney's fees as a sanction for a frivolous appeal.

■ *The award of prejudgment interest is not barred by law of the case, res judicata, or laches.* In awarding prejudgment interest, the trial court found that Taylor had prayed for interest on the sums found to be due for the reasonable value of services rendered, asking that such interest be calculated from December 24, 1985, until the judgment was paid. On appeal Allegretto contends that because Taylor's original complaint did not contain any factual allegations regarding interest, and because Taylor did not raise the issue of prejudgment interest in the first appeal, the award of prejudgment interest is barred by law of the case, res judicata, and laches. In response, Taylor correctly argues that he was not required to plead factual allegations regarding interest; rather, prejudgment interest is an element of damages. *See Foster v. Luce,* 115 N.M. 331, 335, 850 P.2d 1034, 1038 (Ct.App.1993).

In *Foster* the Court of Appeals specifically addressed the issue whether prejudgment interest may be awarded to a prevailing party absent a specific request for such relief in the pleadings. The Court followed the majority of jurisdictions interpreting rules identical or comparable to SCRA 1986, 1–054(D) (Repl.Pamp.1992), and Rule 54(c) of the Federal Rules of Civil Procedure, each of which states as follows: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." We agree with the holding in *Foster,* and we will not preclude an award of prejudgment interest merely because a party fails to request specifically such an award.

■ Further, the first appeal was by Taylor from the judgment against him on all counts. A ruling on prejudgment interest was not necessary to the disposition of the case and was not invoked by the parties. Thus, the prejudgment-interest issue does not give rise to law of the case. *See DiMatteo v. County of Dona Ana,* 109 N.M. 374, 379, 785 P.2d 285, 288 (Ct.App.1989) (stating that if question was not necessarily involved in prior appeal or judgment, summary judgment not mandated by law of the case). Similarly, because we did not determine the merits of the prejudgment interest claim in the first appeal, there is no prior adjudication and no basis for applying res judicata. *Cf. Chavez v. Chenoweth,* 89 N.M. 423, 428, 553 P.2d 703, 708 (Ct.App.1976) (holding that because claims were not adjudicated in prior appeal res judicata did not apply).

■ Finally, we fail to see that Taylor's claims are barred by the doctrine of laches. Allegretto does not show that he would be unfairly prejudiced if we allow Taylor's claim to proceed nor does he show that Taylor delayed in bringing his claim. *See Morris v. Ross,* 58 N.M. 379, 381–82, 271 P.2d 823, 824–25 (1954) (establishing elements of doctrine of laches). In his submissions to the court Taylor requested and argued for prejudgment interest. Allegretto did not respond to that claim in his own submissions. The trial court then permitted the parties to submit supplemental requested findings of fact and conclusions of law. In doing so, the trial court gave Allegretto an opportunity to challenge Taylor's request for interest. Because he was given several chances to address the issue of prejudgment interest, Allegretto cannot now say that he would be unfairly prejudiced or that Taylor delayed in bringing a claim.

■ *Taylor is entitled to an award of prejudgment interest.* Under NMSA 1978,

Section 56–8–3(B) (Repl.Pamp.1986), prejudgment interest may be awarded "on money received to the use of another and retained without the owner's consent." If the amount owed is fixed and ascertainable, prejudgment interest is awarded as a matter of right. *Sunwest Bank of Albuquerque, N.A. v. Colucci,* 117 N.M. 373, 477–78, 872 P.2d 346, 350–51 (1994). If the amount owed is not fixed and ascertainable, prejudgment interest may be awarded in the court's discretion. *Id.* at 478, 872 P.2d at 351.

The question whether prejudgment interest may be awarded in connection with a judgment based on quantum meruit is one of first impression. In *Colucci* we stated that "[t]he obligation to pay prejudgment interest under Section 56–8–3 arises by operation of law and constitutes an obligation to pay damages to compensate a claimant for the lost opportunity to use money owed the claimant and retained by the obligor." *Id.* at 477, 872 P.2d at 350. In quantum meruit the obligation to pay is not based upon a contract. *See State ex rel. Gary v. Fireman's Fund Indem. Co.,* 67 N.M. 360, 364, 355 P.2d 291, 294 (1960) (noting the distinction between an action in quasi-contract such as quantum meruit and an action on an alleged contract). Nonetheless, when a person is found to be liable in quantum meruit the factfinder has made, in essence, a determination that the person has received the benefit of money expended, or services or material provided, by another, and has not paid over that money (or the value of the services or materials) to the person entitled to reimbursement. Thus the person has retained the money due and has deprived the claimant of the opportunity to use the money. Under *Colucci* and Section 56–8–3(B), the trial court may compensate the claimant for the lost opportunity by awarding prejudgment interest.

■ *The trial court should reconsider the rate that it used in awarding interest.* In his supplemental requested findings of fact Taylor contended that he was entitled to prejudgment interest on his damages from the date Allegretto took possession of the properties (December 31, 1985). In a letter accompanying its amended decision, the trial court awarded prejudgment interest from July 16, 1986, on the basis that Allegretto would have had sixty days from the date of occupancy (May 16, 1986) in which to pay the amounts due Taylor. Taylor does not specifically dispute on appeal the July 16 starting date. He does argue, however, that the trial court used the wrong percentage rate to calculate prejudgment interest, contending that the applicable rate of prejudgment interest is the rate in effect when the dispute becomes a pending case. *See Grynberg v. Roberts,* 102 N.M. 560, 563, 698 P.2d 430, 433 (1985) (stating that statutory rate in effect when dispute becomes pending case governs award). When Taylor filed this action the statutory rate of interest under Section 56–8–3 was "not more than fifteen percent." We agree with Taylor and continue to follow the rule that the prejudgment interest rate to be applied is the one in effect when the dispute becomes a pending case. *See Grynberg,* 102 N.M. at 563, 698 P.2d at 433; *Hillelson v. Republic Ins. Co.,* 96 N.M. 36, 38, 627 P.2d 878, 880 (1981).

Because the trial court could award up to fifteen percent interest on the quantum meruit award, we now question whether the court actually awarded interest under Section 56–8–3. Taylor argues that the court erroneously applied Section 56–8–4(B), which allows an award of up to ten percent. While this may be true, it is possible that the court exercised its discretion and awarded less than fifteen percent under Section 56–8–3. We cannot find, however, any rationale in Section 56–8–3(B), Section 56–8–4(B), or the court's findings of fact or conclusions of law to explain the court's use of different percentage rates before and after February 20, 1990. We therefore remand this matter to the trial court for a reconsideration of the issue.

■ On remand the trial court should consider the equities and determine whether Taylor should be awarded prejudgment interest at the maximum allowable rate of fifteen percent. Because the issue has not been briefed and argued, we do not decide whether the statutory rate in Section 56–8–3 is an expression of public policy as to the appropriate interest rate. Without further

guidance, either by the legislature or by learned counsel, we will continue to follow the rule that "the rate of prejudgment interest to be awarded under this statute is to be determined by the trial court in its discretion, subject to the statutory maximum of fifteen percent." *Colucci*, 117 N.M. at 479, 872 P.2d at 352.

*Conclusion.* The trial court's awards of quantum meruit damages and prejudgment interest are affirmed. The case is remanded for a determination of the appropriate rate or rates of prejudgment interest and for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY, C.J. and FROST, J., concur.