The only issue presented for review in this case is whether the plaintiffs were entitled to prejudgment interest from their underinsured-motorist insurance carrier, when there was no agreement as to the amount of the plaintiffs' damages prior to the jury verdict.
A jury returned a $550,000 verdict in favor of the plaintiff Judith Wallace and a $150,000 verdict in favor of her husband, John Rice, for loss of consortium, against Vatanya Leerasiri and State Farm Mutual Automobile Insurance Company, the plaintiffs' underinsured-motorist insurance carrier. The jury returned a verdict in favor of the defendant Allen F. Johnson. Based on the jury's verdict, the trial court entered a $227,740.55 judgment against State Farm, that amount representing the $200,000 of underinsured-motorist coverage State Farm's policy had provided Wallace, plus interest on that amount. The trial court assessed prejudgment interest on the $200,000 owed as proceeds recoverable under the underinsured-motorist coverage, that interest being measured "from a date 30 days after [State Farm was] furnished with materials that would satisfy a reasonable person that theclaim could exceed policy limits." (Emphasis added.)
The trial lasted three days. The record contains no transcript of the evidence presented at the trial. State Farm contends that the materials that are before us — the pleadings, deposition excerpts, the jury verdict, and the judgment of the trial court — are sufficient to allow us to resolve the only issue presented for review.
The motor-vehicle accident that is the basis for this action occurred while the plaintiff Wallace was in her vehicle traveling northbound on Highway 59 in Foley, in Baldwin County. She was in the right lane of the two northbound lanes. The defendant Johnson was in the left lane. The defendant Leerasiri, who was in the right lane and behind Wallace's vehicle, attempted to move into the left lane; Leerasiri's vehicle collided with Johnson's vehicle in the area of Leerasiri's left-front wheel and Johnson's right-rear wheel. Johnson's vehicle struck the Wallace vehicle. Following the accident, Wallace was treated by physicians for a cervical "sprain/strain." A year after the accident, a physician ordered an MRI exam and determined that Wallace had a ruptured cervical disc. Before she discovered the ruptured cervical disc, Wallace had suffered an intervening injury caused when a horse jerked her into a corral fence with such force that she had the breath knocked from her; the injury had required her to go to an emergency room for treatment. *Page 450 
Leerasiri was served by publication in The Baldwin Times, a newspaper published in Bay Minette, in Baldwin County, after an attempt to serve her by certified mail had been unsuccessful. The court entered a default judgment against her. Evidently, at the time of the accident Leerasiri was driving a motor vehicle owned by the Hertz rental-car company; Hertz paid $25,000 to Wallace in return for a pro tanto release of Leerasiri. The documents before this Court do not explain the pro tanto release, and State Farm does not contend that it had anything to do with State Farm's obligation to pay $200,000 under the underinsured-motorist provision of Wallace's policy.
Based upon the holdings in LeFevre v. Westberry, 590 So.2d 154,162-63 (Ala. 1991), and Alfa Mutual Insurance Co. v. Beard,597 So.2d 664 (Ala. 1992), we conclude that the court should not have awarded pretrial interest in this case.
In Alfa Mutual v. Beard, this Court applied the definitions of "liquidated damages" and "unliquidated damages" it had first enunciated in United States Fidelity Guaranty Co. v. GermanAuto, Inc., 591 So.2d 841 (Ala. 1991), to uninsured-motorist coverage:
 "`The term "liquidated damages" is defined as "the amount of damages . . . ascertained by the judgment in the action, or . . . a specific sum of money . . . expressly stipulated by the parties . . . as the amount of damages to be recovered. . . . [Those] damages which are reasonably ascertainable at time of breach, measured by fixed or established external standard, or by standard apparent from documents upon which plaintiffs based their claim." Black's Law Dictionary, 391 (6th ed. 1990). The term "unliquidated damages" is defined as damages that "are not yet reduced to a certainty in respect of amount, nothing more being established than the plaintiff's right to recover; or [damages] as cannot be fixed by a mere mathematical calculation from ascertained data in the case." Black's Law Dictionary, 393 (6th ed. 1990).'
"591 So.2d at 843."
Alfa Mutual, 597 So.2d at 666-67.
The amounts awarded by the jury were in line with the plaintiffs' demands and greatly exceeded State Farm's underinsured-motorist policy limits of $200,000; nevertheless, applying the Alfa Mutual definitions quoted above, we hold that until the jury made its awards the amounts the plaintiffs were entitled to were "unliquidated damages," i.e., damages "not yet reduced to a certainty in respect of amount." These damages did not become liquidated damages with respect to State Farm's liability until the trial court entered its judgment against State Farm.
When it decided Alfa Mutual v. Beard, supra, this Court did not expressly overrule that portion of State Farm AutomobileInsurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974), relating to prejudgment interest on sums paid as proceeds recoverable under uninsured-motorist coverage. However, that portion of State Farm that was inconsistent with Alfa Mutual v.Beard was overruled by implication. To assure that other trial courts and counsel are not confused by this Court's failure to expressly overrule State Farm v. Reaves, we hereby overrule it to the extent that it provides that an insured is entitled to recover interest on a payment due under an underinsured-motorist provision, for the time before the payment due becomes "liquidated" by 1) the entry of a judgment in the action; 2) an express stipulation of the parties for a specific sum of money as the amount of damages to be recovered from the underinsured-motorist coverage carrier; or 3) the entry of a default judgment as to liability against the underinsured motorist in a situation where the amount of the insured's actual out-of-pocket loss, caused solely by the tortious conduct of the underinsured motorist, equals or exceeds the amount of the *Page 451 
underinsured-motorist coverage or equals or exceeds the limits of the underinsured motorist's liability coverage added to the underinsured-motorist coverage.
The judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
Hooper, C. J., and Maddox, See, Lyons, and Brown, JJ., concur.
Cook, J., dissents.