2004-NMCA-105

96 P.3d 336

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Ellen BARKER, Personal Representative of the Estate of Clarence Barker, Defendant–Appellant.**

**No. 23,659.**

Court of Appeals of New Mexico.

June 29, 2004.

Lee M. Rogers, Jr., Cord D. Borner, Atwood, Malone, Turner & Sabin, P.A., Roswell, for Appellee.

MacKenzie Hunt, Roswell, for Appellant.

### OPINION

CASTILLO, J.

{1} In this case, we must determine if the trial court properly denied a claim for prejudgment interest under NMSA 1978, § 56–8–3 (1983), on an arbitration award. The award established the amount of dam-

ages payable by an insurance company to its insured, based on an accident caused by an uninsured motorist. We hold that the award of prejudgment interest was correctly denied, and we affirm.

## I. BACKGROUND

{2} On December 15, 1995, a drunk driver (motorist) rear-ended a vehicle driven by Clarence Barker (Barker). Several days after the accident, Barker suffered a stroke.[1] At the time of the accident, Barker was insured by State Farm Mutual Automobile Insurance Company (State Farm) under a policy of automobile insurance with coverage for bodily injury caused by an uninsured or underinsured motorist (collectively referred to as uninsured motorist). Barker settled his claim against the motorist for the available limits of the motorist's liability coverage. Barker—contending that all of his injuries, including those related to his stroke, were proximately caused by the accident—then asserted an uninsured motorist claim against State Farm for the policy limits of $100,000 available after offset. State Farm maintained that the only damage proximately caused by the accident was a minor neck strain, for which Barker had been fully compensated by his settlement with the motorist. The claim was submitted to an arbitration panel. During the arbitration proceeding, Barker and State Farm stipulated that if the arbitrators determined that the stroke was proximately caused by the accident, then Barker's damages would exceed policy limits. On October 8, 1998, the arbitration panel concluded that all of Barker's injuries were in fact caused by the accident. On December 7, 1998, State Farm paid Barker $100,000, which he accepted on the condition that acceptance of the award would not affect his right to make a claim for interest.

{3} To resolve the issue of prejudgment interest, State Farm filed an action for declaratory judgment. Barker filed a motion for summary judgment, and then State Farm filed a cross-motion for summary judgment. The motions and responses contained stipulated facts. After hearing, the district court entered an order determining that State Farm owed no prejudgment interest to Barker. He timely appealed the order.

## II. STANDARD OF REVIEW

{4} Barker argues that the proper standard of review on summary judgment is de novo. State Farm contends that the correct standard is abuse of discretion. We agree with Barker. This case comes to us on an order denying Barker's motion for summary judgment and granting State Farm's cross-motion for summary judgment. In its order, the trial court acknowledged that the parties had stipulated to certain facts, as set forth in the motion and cross-motion for summary judgment and the responses thereto. On appeal, neither party argues that genuine issues of material fact exist; we therefore review the disposition of the summary judgment motions de novo. *Barncastle v. Am. Nat'l Prop. & Cas. Cos.*, 2000–NMCA–095, ¶ 5, 129 N.M. 672, 11 P.3d 1234.

## III. DISCUSSION

{5} In his motion for summary judgment, Barker relies solely on Section 56–8–3 as authority for the award of prejudgment interest:

> The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:
>
> A. on money due by contract;
>
> B. on money received to the use of another and retained without the owner's consent expressed or implied; and
>
> C. on money due upon the settlement of matured accounts from the day the balance is ascertained.

Section 56–8–3.

{6} Barker argues that State Farm breached its contract of insurance with him by failing to pay policy limits for uninsured motorist coverage until after arbitration. Citing to *Ponder v. State Farm Mutual Automobile Insurance Co.*, 2000–NMSC–033, 129 N.M. 698, 12 P.3d 960, *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 117 N.M. 373, 872 P.2d 346 (1994) [hereinafter *Sunwest* ],

---

1. Barker died during the pendency of this case, and his estate was substituted as a party.

*Kueffer v. Kueffer,* 110 N.M. 10, 791 P.2d 461 (1990), and *O'Meara v. Commercial Insurance Co.,* 71 N.M. 145, 376 P.2d 486 (1962), Barker contends that this case is governed by Section 56–8–3(A) and that based on State Farm's breach of contract, Barker is entitled to prejudgment interest as a matter of right. Relying on *Ponder,* Barker further maintains that he lost the use and earning power of the funds that State Farm retained during the pendency of the arbitration and that he is therefore entitled to interest on the funds during that time period.

{7} State Farm contends that it did not breach its policy of insurance. On the contrary, State Farm argues, once there was a dispute about the amount of damages Barker was legally entitled to collect from the uninsured motorist, the contract required the parties to arbitrate the issue, and therefore no money was due until the arbitrators rendered their decision. State Farm points us to Restatement (First) of Contracts § 337 cmt. b (1932), which states, "Where performance is to be rendered ... on any other condition precedent, interest as damages will not begin until ... occurrence or excuse of the condition[.]" State Farm's position is that an arbitration award determining damages was a condition that had to be satisfied before State Farm was obligated to pay the demand for uninsured motorist coverage.

{8} In further support of its position, State Farm points to other jurisdictions that have held that there is no entitlement to prejudgment interest until there is a resolution of the amount owed to the insured. State Farm points out that the cases relied on by Barker are distinguishable, in that any prejudgment interest allowed was based on damages flowing from a breach of contract and that because there is no breach, neither Section 56–8–3(A) nor these cases apply.

{9} We first turn to the trial court's order, wherein it found that "[a]n award of prejudgment interest in this matter would not have been appropriate until after the arbitration award was made and established, and developed into formality." We read this to mean that the trial court determined that there was no breach of contract and that Barker was therefore not entitled to prejudg-ment interest as a matter of right under Section 56–8–3(A).

{10} The pertinent section of the insurance contract was attached as Exhibit 1 to State Farm's cross-motion for summary judgment. Under this contract, State Farm agreed to

pay damages for ***bodily injury*** ... an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle.*** The ***bodily injury*** must be sustained by an ***insured*** and the ***bodily injury*** ... must be caused by accident arising out of the ownership, maintenance or use of an ***uninsured motor*** vehicle.

{11} The contract goes on to provide the following directions for deciding fault and amount:

Two questions must be decided by agreement between the ***insured*** and us:

1. Is the ***insured*** legally entitled to collect damages from the owner or driver of the ***uninsured motor vehicle;*** and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration upon written request of the ***insured*** or us. . . .

{12} The parties did not agree on the amount of damages and arbitrated the amount due. The question before the arbitrators was one of proximate cause: Was the accident the proximate cause of the stroke? The parties had previously agreed that if the arbitrators answered in the affirmative, any damages would exceed policy limits. State Farm did not contest that Barker was covered under the policy, rather that any damages were owed. We hold that State Farm did not breach its contract by following the terms of the insurance contract and arbitrating the issue of damages caused by the uninsured motorist.

{13} The purpose of uninsured motorist coverage is to protect individual members of the public against the hazard of culpable uninsured motorists. *Padilla v. State Farm Mut. Auto. Ins. Co.,* 2003–NMSC–011, ¶ 9, 133 N.M. 661, 68 P.3d 901. New Mexico's announced public policies are

to encourage arbitration and to provide protection from uninsured drivers by placing injured parties in the same or similar position they would have been in had they been dealing with a person with liability insurance. *Stinbrink v. Farmers Ins. Co.*, 111 N.M. 179, 182, 803 P.2d 664, 667 (1990). Uninsured motorist coverage is mandatory "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." NMSA 1978, § 66–5–301(A) (1983). As we stated in *State Farm Mutual Automobile Insurance Co. v. Maidment*, 107 N.M. 568, 761 P.2d 446 (Ct.App.1988),

> The phrase "legally entitled to recover damages" requires that the injured person prove the elements necessary to establish an action in negligence: duty, breach, proximate cause, and loss or damages. This does not mean the insured has to bring a direct action against the uninsured motorist before making a claim under the coverage; it merely requires that the determination of liability be made by legal means. Arbitration provides a legal means of establishing the right to recovery.

*Id.* at 572, 761 P.2d at 450 (citations omitted). Arbitration clauses are governed by contract law. *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002–NMCA–030, ¶ 52, 131 N.M. 772, 42 P.3d 1221.

{14} Barker is in no different position than had he been injured by an insured motorist. In that case, any question of liability, including proximate cause, would have to be resolved by settlement or litigation before the motorist would be liable for payment. By the terms of the insurance policy, the obligation to pay the claim did not arise until after the arbitrators established what Barker was "legally entitled to collect" from the uninsured motorist. Courts in other states have come to the same conclusion. *State Farm Mut. Auto. Ins. Co. v. Wallace*, 743 So.2d 448, 450 (Ala.1999) (limiting an insured's entitlement to prejudgment interest until the payment becomes due by entry of judgment in the action, stipulation of the parties, or entry of default judgment against the uninsured motorist); *State Farm Mut.*

*Auto. Ins. Co. v. Christensen*, 88 Nev. 160, 494 P.2d 552, 554 (1972) (stating that liability of an insurance company to pay the insured became fixed on the date judgment was entered against the uninsured motorist who caused the damages); *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex.2000) (holding that the insurer's contractual obligation to pay, under the uninsured motorist portion on an insurance policy, does not exist until liability of the uninsured motorist is established).

{15} The majority of the cases on which Barker relies involve breaches of contract. Barker places much reliance on *Ponder* because in that case, prejudgment interest was awarded on a claim for uninsured motorist benefits. However, *Ponder* did not involve the arbitration of a dispute over the damage award; rather, the insurance company denied coverage under the policy. *Ponder*, 2000–NMSC–033, ¶ 5, 129 N.M. 698, 12 P.3d 960. Ms. Ponder filed suit to enforce the contract, and the Supreme Court held that an "award of prejudgment interest for money due *by contract* was proper." *Id.* ¶ 39 (emphasis added). *Kueffer* and *O'Meara* are similarly distinguishable. In *Kueffer*, the Court remanded the case to the district court for inclusion of prejudgment interest, based on a breach of written contract regarding the allocation of assets following the parties' divorce. *Kueffer*, 110 N.M. at 12–13, 791 P.2d at 463–64. As in *Ponder*, the insurance company in *O'Meara* denied coverage. The trial court determined that Ms. O'Meara was covered by policy and that the insurance company had thus breached its contract by denying liability, but the Supreme Court deferred to the discretion of the trial court and upheld the denial of prejudgment interest. *O'Meara*, 71 N.M. at 151–52, 376 P.2d at 490–91.

{16} Barker also relies on *Sunwest*, wherein the Court discussed the difference between an award of prejudgment interest under Section 56–8–3 and one under NMSA 1978, § 56–8–4(B) (1993) as follows:

> Section 56–8–3 allows prejudgment interest in cases on money due by contract, money received to the use of another and retained without the owner's consent, and

money due on the settlement of matured accounts. Section 56–8–4(B) allows prejudgment interest in the discretion of the court after the court considers, among other things, whether the plaintiff was the cause of unreasonable delay in the adjudication of his or her claims and whether the defendant had previously made a reasonable and timely offer of settlement.

. . . .

[T]he trial court must consider the equities in each case . . . .

*Sunwest,* 117 N.M. at 377–78, 872 P.2d at 350–51.

{17} Sunwest's entitlement to prejudgment interest as a matter of right was based on Section 56–8–3(B)—"money received to the use of another and retained without the owner's consent expressed or implied." *Sunwest,* 117 N.M. at 378, 872 P.2d at 351 (internal quotation marks omitted). There is no contention here that State Farm received money from Barker; therefore, reliance on *Sunwest* for support of an award of prejudgment interest as a matter of right is misplaced.

{18} Barker further argues the Court in *Sunwest* referred to the Restatement (First) of Contracts § 337 for the proposition that when an amount is fixed or readily ascertainable, prejudgment interest generally should be awarded as a matter of right. *Sunwest,* 117 N.M. at 377–78, 872 P.2d at 350–51. Because the parties agreed that if the accident was the proximate cause of the stroke, any damages would exceed policy limits of $100,000, Barker argues that the damages could be determined with reasonable certainty. However, the certainty of damages does not provide the basis for an award of prejudgment interest under Section 56–8–3. First, the case must involve money due by contract, money received to the use of another and retained without the owner's consent, or money due on settlement of matured accounts. *Id.* Once this first hurdle has been passed, whether damages can be reasonably ascertained becomes a factor. Because the first hurdle has not been met in this case, the certainty of damages does not come into play.

{19} Barker also argues that because the rules generally applicable to district court proceedings apply in an arbitration proceeding, prejudgment interest should be allowed in this case, even though the case proceeded through arbitration. Specifically, Barker argues that the arbitrators' decision was final and binding, just as if the decision had been made by a New Mexico court, and that prejudgment interest can therefore be awarded on the arbitration award, just as if it were a judgment. We agree with Barker's general proposition, but whether an award is made by arbitrators or by a court is not the determining factor. Section 56–8–3(A) requires that a contract be breached before an award of prejudgment interest can be considered. There was no breach in this case, so it makes no difference whether the award was made by arbitrators or by a court.

{20} In his reply brief, Barker contends that the trial court erred in not awarding prejudgment interest under Section 56–8–4. While we agree that Section 56–8–4 provides authority for an award of prejudgment interest at the discretion of the trial court—even when, as in this case, there is no breach of contract—our review of the record discloses that Barker did not make this argument to the trial court. Barker refers us to his answer to the complaint for declaratory judgment. We agree that Barker cites to Sections 56–8–3 and 56–8–4 in his answer. His motion for summary judgment, however, mentions neither statute. In his memorandum in support of the motion for summary judgment, Barker cites to both sections. Section 56–8–3 is described as the statutory provision "relevant to the assessment of pre-judgment interest in this case." Barker's reliance on Section 56–8–4 is limited to Subsection (A), which relates to postjudgment interest, not prejudgment interest. At the hearing on the motions for summary judgment, Barker made no reference to Section 56–8–4 but specifically cited to Section 56–8–3(A) in support of a prejudgment interest award in this case. On appeal, any error predicated on failure to allow postjudgment interest is abandoned. We will not entertain an argument made for the first time on appeal. *Barreras v. N.M. Corr. Dep't,* 114

N.M. 366, 371, 838 P.2d 983, 988 (1992). Appellate courts review only those matters that were presented to the trial court. *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998–NMCA–131, ¶ 12, 125 N.M. 691, 964 P.2d 855.

{21} Barker argues that the equities in this case support an award of prejudgment interest. Because we decide that there was no breach of contract on which an award of prejudgment interest could be premised and that Section 56–8–4 will not be considered because it was first argued on appeal, we do not address the equities in this case.

## IV. CONCLUSION

{22} We conclude that the trial court's denial of prejudgment interest under Section 56–8–3 was proper.

{23} **IT IS SO ORDERED.**

WECHSLER, C.J. and VIGIL, J., concur.