This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38646

JANET LYDEN,

Plaintiff-Appellant,

v.

PALOMA BLANCA HEALTH
AND REHABILITATION, LLC,

Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Butt, Thornton & Baehr, P.C.
Felicia C. Boyd
Jane A. Laflin
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     Plaintiff Janet Lyden brought this action alleging that Defendant Paloma Blanca Health and Rehabilitation, LLC (Paloma Blanca), discriminated against her in violation of the New Mexico Human Rights Act (NMHRA), by terminating her employment as Paloma Blanca's director of nursing services on the basis of disability. NMSA 1978, §§ 28-1-7 to -14 (1969, as amended through 2020). Plaintiff appeals the district court's

decision granting Paloma Blanca's motion for summary judgment and dismissing her claims. Plaintiff contends that there are material facts in dispute as to (1) whether she was otherwise "qualified," despite her disability, to perform the essential functions of her position as director of nursing services; (2) whether she requested an accommodation for her disability; and, if so, (3) whether her disability reasonably could be accommodated. We agree with the district court that the undisputed facts support summary judgment for Paloma Blanca and affirm.

## STANDARD OF REVIEW

{2}     "This Court's review of orders granting or denying summary judgment is de novo." *Cahn v. Berryman*, 2018-NMSC-002, ¶ 12, 408 P.3d 1012 (internal quotation marks and citation omitted). "Summary judgment is appropriate in the absence of any genuine issues of material fact and where the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). A fact is material when that fact is essential under the relevant law to establish a party's claim or defense. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 11, 148 N.M. 713, 242 P.3d 280 ("The inquiry's focus should be on whether, under substantive law, the fact is 'necessary to give rise to a claim.'" (internal quotation marks and citation omitted)).

{3}     Where summary judgment is sought based on the absence of a genuine issue of material fact, the party seeking summary judgment, here Paloma Blanca, has the initial burden of making a prima facie showing that summary judgment is appropriate. *See id.* ¶ 10. A prima facie showing requires evidence "sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* (internal quotation marks and citation omitted). If the moving party successfully makes a prima facie showing, the resisting party (Plaintiff) must "demonstrate the existence of specific evidentiary facts," which, if proved, would rebut the presumption. *Id.* (internal quotation marks and citation omitted). The resisting party "may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint," but instead must "adduce evidence to justify a trial on the issues." *Id.* (internal quotation marks and citations omitted). Trial is required if the evidence before the court considering a motion for summary judgment "would allow a hypothetical fair-minded fact[-]finder to return a verdict favorable to the non-movant on that particular issue of fact." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 23, 294 P.3d 1276 (internal quotation marks and citation omitted).

{4}     Finally, in reviewing a summary judgment order, we review the entire record below, and consider the facts in the light most favorable to the resisting party, drawing all reasonable inferences in support of a trial on the merits. *Romero*, 2010-NMSC-035, ¶ 7.

## BACKGROUND

{5}     The following facts in the summary judgment record are undisputed. Plaintiff was hired near the end of March 2015 as the interim director of nursing services at Paloma

Blanca, an inpatient rehabilitation facility. On May 15, 2015, Plaintiff had an acute episode of pancreatitis at work and was hospitalized. Plaintiff remained hospitalized for more than a month until June 22, 2015, when she was admitted to a skilled-care rehabilitation center, where she remained until July 8, 2015.

{6}     When Plaintiff wanted to return to work on or about July 8, 2015, Paloma Blanca informed her that her employment had been terminated as of the end of May 2015 and that there was no position that could accommodate her current medical condition. Plaintiff was hospitalized again ten days later, on July 18 and released on July 21 only to return to the hospital again on August 7, 2015, where she remained until September 3, 2015. Upon her discharge, her doctors told her she would have an extensive recovery of a year or more.

## DISCUSSION

{7}     Plaintiff alleged that Paloma Blanca discriminated against her, in violation of the NMHRA, by terminating her employment as the director of nursing services as of the end of May 2015. Section 28-1-7(A) of the NMHRA prohibits an employer, in relevant part, from discharging "any person otherwise qualified because of . . . physical or mental handicap or serious medical condition." Plaintiff also alleged that Paloma Blanca violated Section 28-1-7(J) of the NMHRA by refusing to reasonably accommodate her disability. Section 28-7-1(J) prohibits an employer from refusing or failing "to accommodate a person's physical or mental handicap or serious medical condition, unless such accommodation is unreasonable or an undue hardship."

{8}     The district court granted summary judgment to Paloma Blanca on Plaintiff's claim of discrimination under Section 28-1-7(A), finding that there was no genuine issue of fact as to whether Plaintiff was otherwise qualified to perform the essential job function of director of nursing services after May 31, 2015. On Plaintiff's claim under Section 28-1-7(J), the district court found that Plaintiff failed to raise a genuine issue for trial as to both, whether she requested an accommodation, and whether any reasonable accommodation was possible. We address each of these issues in turn, exploring the facts as necessary to our decision.

## I.     Plaintiff Failed to Rebut Paloma Blanca's Evidence Showing That She Was Not "Otherwise Qualified" to Perform the Essential Functions of Her Job

{9}     Our Supreme Court has defined the term "otherwise qualified" to refer "to a person who, though affected by a handicap or medical condition, maintains the underlying ability to do the job." *Kitchell v. Pub. Serv. Co. of N.M.*, 1998-NMSC-051, ¶ 6, 126 N.M. 525, 972 P.2d 344 (internal quotation marks omitted). We agree with the district court that Paloma Blanca introduced evidence, which established that Plaintiff could not perform the duties of the director of nursing services position when she was discharged in May 2015 and this evidence was not rebutted.

**{10}** It is undisputed that Plaintiff had let her nursing license lapse during her initial hospitalization in May 2015. A nursing license is required to meet the regulatory requirements for the director of nursing services position. Plaintiff argues that Paloma Blanca discharged her solely because her license had expired and that this reason for discharging her was a pretext. She pointed to the ease with which she could reinstate her license by paying a fee. Plaintiff claims on appeal that her claim that her lack of a nursing license was a pretext and that she was really discharged because of her disability raises a material dispute of fact, which must be resolved by a jury.

**{11}** If Plaintiff's lapsed nursing license was the only evidence provided by Paloma Blanca that Plaintiff could not perform the essential job duties of the director of nursing services, we might agree that this reason did not support her discharge. It was not the only evidence, however. Paloma Blanca also presented undisputed evidence that Plaintiff went from the hospital to a rehabilitation facility and that when she was released from the rehabilitation facility, she was rehospitalized within days and remained in the hospital or in a rehabilitation facility for an extended period of time.[1] Paloma Blanca also presented evidence establishing that Plaintiff qualified for social security disability benefits, which she received backdated to the date of her hospitalization in May 2015. To qualify for social security disability, Plaintiff was required to establish that she had a disability that rendered her unable to engage in almost any type of work in the national economy as of the day her benefits began.[2] A similar application for disability benefits was held by our Supreme Court in *Kitchell* to be an admission that the applicant could not perform the essential duties of his job. *See* 1998-NMSC-051, ¶ 7 (holding that because the plaintiff "admitted in his worker's compensation claim that his injury prevented him from engaging, for remuneration or profit, in any occupation for which he is becomes fitted by age, training, or experience," he admitted that he was not "otherwise qualified" for purposes of surviving summary judgment on an NMRHA disability discrimination claim (internal quotation marks and citation omitted)).

**{12}** To the extent that Plaintiff claims she would, nonetheless, have been able to perform some limited, part-time functions,[3] she failed to rebut the evidence introduced by Paloma Blanca establishing that its facility is required by state regulation to fill the job of director of nursing services with a single, responsible nurse who works full-time and is available for emergencies on nights and on weekends. 7.9.2.50(B) NMAC. The state regulatory requirements for a position plainly constitute "essential" and nonnegotiable job duties. Given this evidence in the summary judgment record, we agree with the district court that summary judgment was properly granted on Plaintiff's claim for discrimination on the basis of medical condition under Section 28-1-7(A). Plaintiff failed

---

1In her April 2019 deposition, nearly four years after she was discharged by Paloma Blanca, when asked if she had been capable of performing the job duties for the director of nursing position at any point since May 15, 2015, Plaintiff answered, "[N]o."

220 CFR § 404.1505(a) (2012) sets forth the definition of "disability" for purposes of social security disability, and provides that to meet the definition of disability, a claimant "must have a severe impairment" that renders them unable to do past relevant work "or any other substantial gainful work that exists in the national economy."

3*See Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999).

to rebut Paloma Blanca's prima facie showing that she was not "otherwise qualified" for the job of director of nursing services.

## II.      Plaintiff Failed to Rebut Defendant's Evidence Establishing That Plaintiff's Proposed Accommodation Was Unreasonable

**{13}**      Plaintiff next claims that Paloma Blanca refused to provide her the reasonable accommodations that she claims to have requested for her medical condition. We first briefly address the district court's grant of summary judgment on the basis that Plaintiff failed to introduce evidence sufficient to dispute Paloma Blanca's showing that she failed to request an accommodation for her disability, a predicate requirement for a claim based on failure to accommodate under Section 28-1-7(J).

**{14}**      Plaintiff raises two kinds of accommodations she claims she allegedly requested: (1) leave to allow her to recover sufficiently to return to work, and (2) placement in an alternative position. Paloma Blanca contends that Plaintiff raises her second argument—that she requested reassignment to a different position—for the first time on appeal, not having preserved it in the district court. We agree that this claim does not appear to have been brought to the attention of the district court. Plaintiff does not provide us with citation to evidence establishing that this request was made. "We will not entertain an argument made for the first time on appeal." *State Farm Mut. Auto. Ins. Co. v. Barker*, 2004-NMCA-105, ¶ 20, 136 N.M. 211, 96 P.3d 336. Therefore, we decline to address Plaintiff's argument regarding Paloma Blanca's alleged failure to offer her an alternative position.

**{15}**      We turn then to Plaintiff's remaining claim—that she requested leave as a reasonable accommodation. Plaintiff points to evidence that Paloma Blanca coworkers told her to take her time recovering and assured her several times that her job would be there when she was ready. She points as well to the few hours of work she did on a corrective action plan for the facility during the first few days of her hospitalization. Plaintiff argues that these contacts were sufficient to put Paloma Blanca on notice that she wanted to return after a period of leave. Paloma Blanca does not deny these statements were made or that Plaintiff performed this limited work for the facility after being hospitalized, contending only that this was not sufficient to alert them to Plaintiff's request for leave until she recovered.

**{16}**      Construing this evidence with all reasonable inferences drawn in favor of Plaintiff, as we must, we conclude that summary judgment was not appropriate based on Plaintiff's failure to request an accommodation. A reasonable jury could conclude that these conversations and the limited work performed showed that Paloma Blanca was on notice of Plaintiff's disability and of her desire to return to work when she recovered.

**{17}**      Summary judgment, however, was properly granted on the merits of Plaintiff's reasonable accommodation claim. Section 28-1-7(J) requires an employer to accommodate an employee's serious medical condition, "unless such accommodation is unreasonable or an undue hardship." To prevail on a failure to accommodate claim, a

plaintiff must establish that "[a] reasonable accommodation existed that would have allowed [the plaintiff] to perform the essential functions of the job." UJI 13-2307D(3) NMRA. The district court concluded that Plaintiff "failed to establish that she had a serious medical condition that could be accommodated by [Paloma Blanca]." We agree.

{18}   The accommodation requested by Plaintiff was indefinite leave to allow her to recover. Although Plaintiff contended in district court—and contends again on appeal—that the length of the leave she sought was not indefinite, there is no evidence in the summary judgment record that suggests a definite period of time after which Plaintiff would be able to perform her job duties, nor does Plaintiff identify such a definite period of time.

{19}   Plaintiff attempts to justify this failure to identify a definite time for her return to work by claiming that she relied on the informal representation of a coworker that she should take her time recovering and her job would be there. Plaintiff does not allege that the representation was made by anyone with authority to hire, nor does she claim a breach of contract. We do not agree that a coworker saying these reassuring words to Plaintiff during her first hospitalization bound Paloma Blanca to accommodate what turned out to be a request by Plaintiff, made months later in July 2015 for indefinite leave.

{20}   Indefinite leave is not a reasonable accommodation as a matter of law. Although the New Mexico courts have not addressed this issue, federal courts construing identical language in the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA), have held that indefinite leave is not a reasonable accommodation. *See Hudson v. MCI Telecomm. Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996) (because employee presented no evidence when she could "expect to resume her regular duties," employer "was not required to wait indefinitely for her recovery"); *Watkins v. J & S Oil Co.*, 164 F.3d 55, 61-62 (1st Cir. 1998); *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998) ("Reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected."); *Myers v. Hose*, 50 F.3d 278, 282 (4th Cir. 1995) (employer does not violate the ADA by refusing to grant an employee's request for "a period of time in which to cure his disabilities" where the employee "sets no temporal limit on the advocated grace period"); *Wood v. Green*, 323 F.3d 1309, 1313 (11th Cir. 2003) ("Nothing in the text of the reasonable accommodation provision [of the ADA] requires an employer to wait an indefinite period for an accommodation to achieve its intended effect"; rather, the term "reasonable accommodation" refers to accommodation "which, presently, or in the immediate future, enables the employee to perform the essential functions of the job" (internal quotation marks and citation omitted)).[4]

---

[4]Plaintiff also argues (it appears for the first time on appeal) that it was unlawful for Defendant to fail to initiate an interactive process to explore a reasonable accommodation. We "review the case litigated below, not the case that is fleshed out for the first time on appeal." *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 12, 138 N.M. 851, 126 P.3d 1215 (internal quotation marks and citation omitted); *see* Rule 12-318(A)(4) NMRA (requiring appellate briefs to contain "with respect to each issue presented . . .

**{21}** Our Supreme Court has previously relied on precedent under the ADA to aid in the interpretation of the phrase "otherwise qualified" in relation to a claim of discrimination under the NMHRA based on medical condition. *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 8, 131 N.M. 607, 41 P.3d 333 (citing *Kitchell*, 1998-NMSC-051, ¶¶ 5-8). We see no reason in the circumstances of this case to distinguish our Legislature's use of this term from the federal case law, nor does Plaintiff suggest such a distinction.

**{22}** In sum, our review of the record leads us to conclude that Plaintiff effectively conceded that she was not able to fulfill the essential functions of the job at issue, either with or without an accommodation. That concession, and the other unrebutted evidence supporting it, is fatal to both theories of recovery available to her under Section 28-1-7 of the NMHRA.

**CONCLUSION**

**{23}** For the reasons explained above, summary judgment was appropriately granted. We affirm the district court.

**{24}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**

---

a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"). Plaintiff fails to point out where, if anywhere, this argument was made to the district court. We, therefore, decline to review it.