This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40470**

**LORETTA NARANJO LOPEZ,**

Plaintiff-Appellant,

v.

**NEW MEXICO PUBLIC EMPLOYEES
RETIREMENT ASSOCIATION, a state
pension; GENERAL SERVICES DEPARTMENT,
a state agency; FRANCIS PAGE, an individual;
CLAUDIO ARMIJO, ESQ., an individual;
ROBERTO RAMIREZ, an individual;
PAULA FISHER, an individual;
MISTY SCHOEPPNER, ESQ., an individual,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Daniel E. Ramczyk, District Court Judge**

Loretta Naranjo Lopez
Albuquerque, NM

Pro Se Appellant

Long, Komer & Assoc., P.A.
Nancy R. Long
Jonas M. Nahoum
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Plaintiff Loretta Naranjo Lopez, an elected board member of the New Mexico Public Employees Retirement Association (PERA), filed suit against Defendants PERA, PERA Board members Francis Page, Claudia Armijo, Roberto Ramirez, Paula Fisher, PERA General Counsel Misty Schoeppner, and the General Services Department (GSD). Plaintiff appeals from the district court's order granting Defendants' motions to dismiss for failure to state a claim and dismissing Plaintiff's complaint. Plaintiff also contends the district court abused its discretion in denying her motion for leave to amend her complaint. We affirm.

## DISCUSSION

**{2}**     "A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) [NMRA] is reviewed de novo." *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917 (internal quotation marks and citation omitted). "Dismissal . . . is appropriate only if the plaintiff is not entitled to recover under any theory of the facts alleged in their complaint." *Id.* ¶ 12 (alteration, internal quotation marks, and citation omitted). "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of [the] sufficiency of the complaint." *Id.* ¶ 9 (internal quotation marks and citation omitted).

**{3}**     Briefly, Plaintiff's first amended complaint alleged the following. Plaintiff is a PERA Board member. In 2021, Plaintiff replied to a request for comment from the Investments and Pensions Oversight Committee of the New Mexico State Legislature (IPOC). Plaintiff's one-page response summarized previous statements Plaintiff made to the PERA Board in which she reported "more than one thousand (1,000) financial crimes," "more than one hundred (100) felonies, and about twenty-eight (28) types of misconduct and related governance weaknesses" by the PERA Board. Three weeks later, Defendant Page formed an Ad Hoc Committee to investigate the allegations in Plaintiff's one-page response to IPOC. Defendant Page indicated that Plaintiff may be expelled from the PERA Board.

**{4}**     Plaintiff requested indemnification and defense counsel from Defendants in relation to the Ad Hoc Committee's investigation. Those requests were denied. Plaintiff thereafter filed a complaint seeking, among other things, that Defendants be ordered to provide her indemnification, a defense, and damages. Plaintiff asserted a right to this relief under (1) the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010); (2) the Public Employees Retirement Act (PERA Act), NMSA 1978, §§ 10-11-1 to -143 (1987, as amended through 2024); (3) the Tort Claims Act (TCA), NMSA 1978, § 41-4-4(A)-(B)(1) (2001); and (4) NMSA 1978, Section 10-17-12 (1951) (establishing a penalty for willful neglect of duty by a public officer).

**{5}**     In lieu of an answer, Defendants filed two motions to dismiss Plaintiff's complaint under Rule 1-012(B)(6) and the district court granted both. Plaintiff appeals, arguing that the district court erred in dismissing each of her four claims and denying her motion for leave to amend her complaint. We address each issue in turn.

## I. WPA

**{6}** Plaintiff asserted a claim for retaliation under the WPA, which protects public employees from retaliatory action by public employers. *See* § 10-16C-3. Defendants moved to dismiss this claim on the basis that Plaintiff, as a PERA Board member, is not a "public employee" as a matter of law. The district court agreed, concluding that Plaintiff "is not a public employee as defined by the [WPA]. . . . She is a public employer." Plaintiff challenges this conclusion, arguing that individual board members cannot act as employers.

**{7}** Under the WPA, the definition of "public employer" includes "any . . . board . . . of state government," § 10-16C-2(C)(1), and "every office or officer" of the same, § 10-16C-2(C)(4). The WPA also states that "'public employee' means a person who works for or contracts with a public employer." Section 10-16C-2(B). Plaintiff does not dispute that the PERA Board is a public employer under the WPA's definition. *See* § 10-11-130 (describing the duties, powers, and composition of the PERA Board). Plaintiff, as an elected member of the PERA Board, also appears to fit within the WPA's definition of "public employer." *See* § 10-16C-2(C)(4).

**{8}** On appeal, Plaintiff argues only that "individual board members may not legally conduct traditional 'employer' activities," and that such activities are reserved for the board acting collectively. This argument, however, does not demonstrate that the district court erred in concluding that Plaintiff, in her capacity as a PERA Board member, is a "public employer" within the meaning of the WPA, or in concluding that Plaintiff does not meet the definition of "public employee" under Section 10-16C-2(B). Plaintiff does not address the WPA's definitional provisions or argue that her status as a PERA Board member does not fit within the definition of "public employer" in Section 10-16C-2(C). Nor does Plaintiff direct us to any facts alleged in her complaint indicating that she "works for or contracts with a public employer" such that she qualifies as a "public employee" within the meaning of Section 10-16C-2(B). *See Janet v. Marshall*, 2013-NMCA-037, ¶¶ 18-21, 296 P.3d 1253 (distinguishing between public employers and employees and noting that "whistleblower laws in general are meant to encourage employees to report illegal practices without fear of reprisal by their employers" (internal quotation marks and citation omitted)). Based on the plain language of Section 10-16C-2(C) and the facts alleged in Plaintiff's complaint, we conclude the district court's dismissal of Plaintiff's WPA claim was proper.

## II. PERA Act

**{9}** Plaintiff's complaint sought indemnification under Section 10-11-132 of the PERA Act for defense costs related to any claims, demands, or litigation brought against her by the Ad Hoc Committee. Section 10-11-132 states, in relevant part, that

> [m]embers of the [PERA B]oard jointly and individually shall be indemnified by the state from the funds administered by the [PERA B]oard from all claims, demands, suits, actions, damages, judgments, costs,

charges and expenses, including court costs and attorney fees and against all liability losses and damages of any nature that members shall or may sustain by reason of any decision made in the performance of their duties pursuant to the state retirement system acts.

Defendants moved to dismiss this claim, arguing that Plaintiff made no factual allegations in her amended complaint demonstrating that she had been subject to any lawsuit, claim, action, or judgment that would trigger a right to indemnification. The district court agreed, finding that "Plaintiff does not allege any facts showing any event which would trigger the indemnification provisions of the PERA Act. No claim has been made by any individual or entity which would trigger the Board's duty to indemnify Plaintiff."

{10}   Plaintiff contends the district court erred (1) because she pleaded seventeen past and future covered harms and the district court considered only one of the alleged harms, (2) by "excluding indirect, counter and extra-judicial claims when the PERA Act covers 'all' claims," and (3) by excluding future harms. As for Plaintiff's first two contentions, Plaintiff has not identified what her seventeen covered harms are alleged to be, much less where they can be found in her amended complaint or what facts are alleged to support the harms. Having reviewed the amended complaint, we agree with the district court that Plaintiff alleged no facts demonstrating that the Ad Hoc Committee made any claims or demands against her—whether direct, indirect, counter, or extra-judicial—or that Plaintiff sustained any harm entitling her to indemnification. As for Plaintiff's contention that she may be entitled to indemnification for future harms, such a claim is not ripe for judicial decision and the district court did not err in dismissing Plaintiff's claims for relief based on speculative future harms. *See, e.g.*, *Am. Fed'n of State, Cnty. & Mun. Emps. v. Bd. of Cnty. Comm'rs of Bernalillo Cnty.*, 2016-NMSC-017, ¶ 18, 373 P.3d 989 ("The purpose of the ripeness requirement is and always has been to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems." (internal quotation marks and citation omitted)). For these reasons, we affirm the district court's dismissal of Plaintiff's claim for indemnification under Section 10-11-132 of the PERA Act.

## III.   TCA

{11}   Plaintiff's amended complaint also claimed that under the TCA, she was a public employee with the right to immunity from liability and a defense for torts committed while acting within the scope of her duty. *See* §§ 41-4-3(F)(1), (9), -4(A), (B). Plaintiff claimed Defendants had failed to defend her in violation of Section 41-4-4(B)(1) of the TCA, which states that "[u]nless an insurance carrier provides a defense, a governmental entity shall provide a defense, including costs and attorney fees, for any public employee when liability is sought for . . . any tort alleged to have been committed by the public employee while acting within the scope of [their] duty." Defendant GSD's motion to dismiss argued simply that no tort claims had been asserted against Plaintiff that

would trigger a duty to defend under the TCA. The district court dismissed Plaintiff's TCA claim on that basis.

**{12}** On appeal, we understand Plaintiff to make three arguments. First, Plaintiff argues that the district court erred in not recognizing Defendants' "duty to grant [her] immunity from tort" because she was acting within the scope of duty when she responded to the IPOC. Plaintiff appears to misunderstand that the immunity conferred under the TCA is immunity from liability, not immunity from suit. *See Handmaker v. Henney*, 1999-NMSC-043, ¶ 12, 128 N.M. 328, 992 P.2d 879 (noting that the grant of immunity in the TCA is "immunity from liability" (internal quotation marks and citation omitted)).

**{13}** Second, Plaintiff argues that the district court erred in concluding that a claim must be made before Defendants' duty to defend arises. According to Plaintiff, Section 41-4-4(B) imposes a duty to defend whenever a tort is merely alleged. Plaintiff's argument appears to rely on a piecemeal reading of the statutory language and overlooks the plain requirement in Section 41-4-4(B) that a defense must be provided "*when liability is sought*" for a tort committed by a governmental employee. (Emphasis added.) Based on the language of Section 41-4-4(B), the district court did not err in dismissing Plaintiff's TCA claim on grounds that no tort claim against her had been made.

**{14}** Third, Plaintiff states that Defendants "'singled out' [Plaintiff] for tort liability (censure and sanctions) for mentioning a certain name and referencing criminal activity to the IPOC." To the extent Plaintiff suggests that she has, in fact, been subjected to tort liability requiring a defense, neither her briefing nor her amended complaint demonstrate that she was alleged to have committed a tort, that a tort claim had been made against her under the TCA, or that the harms she identifies amount to tort liability. Consequently, we reject Plaintiff's suggestion that the Ad Hoc Committee's actions against her amount to tort claims entitling her to a defense.

**{15}** For all of these reasons, we affirm the district court's dismissal of Plaintiff's claim for a defense under the TCA.

## IV. Section 10-17-12

**{16}** We briefly address Plaintiff's argument that the district court erred in dismissing her claim for willful neglect of duty under Section 10-17-12. On appeal, Plaintiff asserts that Defendants were subject to twenty-seven duties, and the district court erred in dismissing her claim based on only one of them. In her amended complaint, however, Plaintiff only asserted that Defendants failed to perform their duty to honor the "defense mandate under the Tort Claims Act, to indemnify Plaintiff under the PERA Act, [and] to avoid retaliating against Plaintiff for whistle blowing." We limit our review to those issues raised below and decline to address any new contentions raised for the first time on appeal. *State Farm Mut. Auto. Ins. Co. v. Barker*, 2004-NMCA-105, ¶ 20, 136 N.M. 211, 96 P.3d 336 ("We will not entertain an argument made for the first time on appeal."). As

for the claims Plaintiff raised below, we have already concluded that Plaintiff failed to state a claim for which relief could be granted under the WPA, PERA Act, and TCA. Therefore, because Plaintiff's willful neglect of duty claim is predicated on those underlying violations, Plaintiff's claim under Section 10-17-12 also fails, and the district court did not err in dismissing it.

## V.    Motion for Leave to Amend

**{17}**    Finally, Plaintiff argues that the district court erred in denying her motion for leave to amend her complaint. As an initial matter, although the district court did not expressly rule on Plaintiff's motion, the court implicitly denied the motion by granting Defendants' Rule 1-012(B)(6) motions. *Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Although the trial court apparently did not rule expressly on Plaintiffs' motion to amend the complaint, we deem the motion to have been implicitly denied . . . . Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought." (citation omitted)). We "review[] the denial of a motion for leave to amend for an abuse of discretion." *Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 24, 139 N.M. 274, 131 P.3d 661.

**{18}**    In this case, Plaintiff did not attach a proposed pleading to her motion as required by Rule 1-007.1(C) NMRA ("Motions to amend pleadings shall have attached the proposed pleading."). Consequently, her request for leave to amend was insufficient on its face. *See Ruegsegger v. W. N.M. Univ. Bd. of Regents*, 2007-NMCA-030, ¶ 12, 141 N.M. 306, 154 P.3d 681 ("Although, in general, leave to amend is freely granted, whenever the insufficiency or futility of the proposed amended pleading is apparent on its face, leave to amend may be denied because granting the motion would serve no purpose." (internal quotation marks and citation omitted)). For this reason, we conclude the district court did not abuse its discretion in denying Plaintiff's request for leave to file an amended complaint.

## CONCLUSION

**{19}**    For the above and foregoing reasons, we affirm.

**{20}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**